IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEANNA P. KAHO`OKAULANA; PHOEBE K. KAHO`OKAULANA; and KEONA KAHO`OKAULANA, | ) ) ) ) | CIVIL NO. 22-00071 SOM/WRP ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| U.S. BANK TRUST, N.A.; CALIBER MORTGAGE CO.,; MARSHALL CHINEN; RON KIM, ESQ.; J. LEE COTTON; ANDREW Y.C. LEE; DEREK W.C. WONG; KEN OHARA; PETER STONE; GARY SENAGA; and JUDGE H. NAKAMOTO, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATIONS TO PROCEED *IN FORMA PAUPERIS***

**I.      INTRODUCTION.**

On February 22, 2022, Plaintiffs Deanna P. Kaho`okaulana, Phoebe K. Kaho`okaulana, and Keona Kaho`okaulana filed a Complaint and two Applications to Proceed in District Court Without Prepaying Fees or Costs ("IFP Applications"). *See* ECF Nos. 1-3. Pursuant to 28 U.S.C. §§ 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted. Accordingly, the court dismisses the Complaint and denies the IFP Applications as moot.

**II.      FACTUAL BACKGROUND.**

Plaintiffs' Complaint contains almost no factual allegations, asserting claims of common law fraud, securities fraud, and wrongful foreclosure, and criticizing an attorney's conduct in a state-court case (stalling, not calling or texting). Plaintiffs also appear to accuse an unidentified secretary of having stolen $300 from them. See Complaint, ECF No. 1, PageID # 3. Plaintiffs attach to their Complaint an order of the Intermediate Court of Appeals for the State of Hawaii that denied their motion to reconsider the appellate court's dismissal of their appeal. See ECF No. 1-2, PageID #s 4-6. Other than that, the Complaint is devoid of factual allegations.

**III.     STANDARD.**

To proceed *in forma pauperis*, Plaintiffs must demonstrate that they are unable to prepay the court fees, and that they sufficiently plead claims. See *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens Plaintiffs' Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

**IV.      ANALYSIS.**

There are almost no factual allegations in Plaintiffs' Complaint, much less allegations supporting a viable claim. As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is required to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

Plaintiffs' allegations are so limited and unclear that they do not indicate what claims are being asserted against which Defendant and why. Nor do the allegations explain how each Plaintiff was hurt by any Defendants' conduct. At best, the court can infer that Plaintiffs were subjected to some kind of state-court foreclosure proceeding, which was decided against them. This is insufficient to support any viable claim, let alone establish this court's subject matter jurisdiction. Accordingly, Plaintiffs' Complaint is dismissed and their IFP Applications are denied as moot.

**V.     CONCLUSION.**

The Complaint is dismissed, and the IFP Application is denied as moot. **The court grants Plaintiffs leave to file an Amended Complaint that states a viable claim no later than March 24, 2022.** Plaintiffs may submit another IFP Application at that time. Failure to file an Amended Complaint by March 24, 2022, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Plaintiffs if they decide to file an Amended Complaint. First, Plaintiffs should attempt to write as legibly as possible. If this court cannot read Plaintiffs' writing or follow their thought process, important information may be missed. If Plaintiffs use a court

4

form from this court's website, they may, of course, submit additional pages. Such forms are available at [https://www.hid.uscourts.gov/dsp_Forms.cfm?CatID=2&SubCatID=5&pid=27&mid=113](https://www.hid.uscourts.gov/dsp_Forms.cfm?CatID=2&SubCatID=5&pid=27&mid=113). The Clerk of Court is directed to send Plaintiffs Form Pro Se 1 (Complaint in a Civil Case) and AO 240 (Application to Proceed Without Prepayment of Fees & Affidavit), but the court notes that other forms may be more applicable and that Plaintiffs are not required to use a court form.

Second, Plaintiffs should identify each Defendant and state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the Defendant. In other words, Plaintiffs should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for. Any Amended Complaint should contain enough factual detail for a person unfamiliar with the matter to understand why each Plaintiff is suing each Defendant.

Third, Plaintiffs should articulate the relief they are seeking. That is, if they are seeking monetary damages or prospective injunctive relief, they should say so clearly and identify the Defendant(s) from whom they are seeking such relief.

Fourth, Plaintiffs should know that certain claims cannot be brought against certain defendants. For example,

judges enjoy absolute immunity for actions taken in their judicial capacities.  *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  This immunity is only forfeited when either the judge did not perform a judicial act or the judge "acted in the clear absence of all jurisdiction."

Fifth, with respect to claims based on fraud, Plaintiffs "must state with particularity the circumstances constituting fraud or mistake."  F. R. Civ. P. 9(b).  The Ninth Circuit has explained that "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.  Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotation marks and citations omitted).

Sixth, as a general principle, this court may not exercise appellate jurisdiction over state court decisions.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Wolfe v. George*, 486 F.3d 1120, 1124 n.3 (9th Cir. 2007) ("The Rooker-Feldman doctrine generally bars federal district courts 'from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.'" (quoting

6

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)). This means that Plaintiffs' Amended Complaint should not try to appeal the decisions of state courts to this federal court.

Seventh, a federal court may not exercise jurisdiction over a case unless (1) it raises a federal question, or (2) the parties are diverse and more than $75,000 is in issue. A complaint should contain enough information to allow a court to determine whether it has subject matter jurisdiction.

Eighth, if Plaintiffs file another IFP application, they should discuss the financial situation of each Plaintiff.

Finally, Plaintiffs are reminded that, by presenting a proposed Amended Complaint to the court, they are certifying under Rule 11(b) of the Federal Rules of Civil Procedure that it is not being presented for an improper purpose and that the claims therein are not frivolous and will be supported by facts. If Plaintiffs violate Rule 11 or otherwise proceeds in bad faith, they may be subject to sanctions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Kaho`okaylana, et al., v, U.S. Bank Trust, N.A., et al*; Civ. No. 22-00071 SOM/WRP; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATIONS TO PROCEED IN FORMA PAUPERIS